## YARBOROUGH VS. CHAMBERLAIN.

### COURT OF APPEALS, AUSTIN TERM, 1881.

*Forcible Entry and Detainer—Essentials of Complaint.*—In a suit for the possession of real property it is necessary that complaint should state that the land, or a part thereof, was situated in the precinct where the suit was brought. The complaint should clearly state such facts as would authorize a recovery.

Appeal from the County Court of Milam County.

Opinion by Watts, Commissioner.

Appellee brought this suit against appellant in justice's court, May 22, 1878, to recover the possession of the land therein described. The appellant excepted to the sufficiency of the complaint, among other causes of exception was, that the complaint did not show that the land described therein was situated in the precinct where the suit was brought. And that the relation of landlord and tenant, between appellee and appellant is not sufficiently shown in said complaint. The exceptions were sustained by the justice of the peace, and the complaint dismissed.

Appellee then applied to the county judge for a writ of certiorari, on the ground that the justice of the peace erred in sustaining the exceptions to the complaint. The writ was granted and the cause removed to the county court. Appellant moved to dismiss the certiorari for the want of equities in the petition. The motion was overruled and the case was tried September 23, 1878, and resulted in a verdict and judgment for appellee, and the appellant brings the case before the Court of Appeals, and assigns numerous errors.

*Opinion:* The statute in force when this suit was brought and the case tried, provides, "Every suit in the court of a justice of the peace, shall be commenced in the precinct in which the defendant, or one or more of several defendants resides, except that suits for the possession of real property must be commenced in the precinct where the property or a part thereof is situated."

In the case of Cooper vs. Marchbanks, 22 Tex., the court held that to entitle the party to recover under the statute, that he must state clearly in his complaint the essential facts of his case. We are of the opinion that the complainant should have stated, that the land or a part thereof, was situ-

ated in the precinct where the suit was brought, and that the exception thereto was properly sustained. See Williams vs. Ball, 52 Tex., 603.

The complaint does not clearly state the facts that constitute appellant the tenant of appellee, with respect to lot No. 143 ; at most it is a matter of infere ce an l conclusion.

On the authority of Cooper vs. Marchbanks *supra,* we are satisfied that in this regard the complaint did not clearly state such facts as would authorize a recovery by appellee. The motion to dismiss the certiorari ought to have been granted. In our opinion the judgment ought to be reversed and the cause dismissed at the cost of appellee.